# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

GERMAN RUVALCABA ROSALES,

    Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

    Respondent.

Case No. C12-562-RSL-BAT

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner German Ruvalcaba Rosales has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his immigration custody and seeking either supervised release or an individualized bond hearing. Dkt. 7. On June 14, 2012, petitioner was accorded a bond hearing before an Immigration Judge, and was granted release under bond of $10,000. Dkt. 17, Ex. 1. Because petitioner has received a bond hearing and was granted release under bond, the Court recommends that the habeas petition be **DENIED**, respondent's motion to dismiss be **GRANTED**, and this case be **DISMISSED** with prejudice.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who reentered the United States without

REPORT AND RECOMMENDATION - 1

inspection in February 2005 after being subjected to expedited removal. Administrative Record ("AR") L603-04. On August 18, 2011, the Department of Homeland Security ("DHS") encountered petitioner at the Snohomish County Jail following his arrest for driving without a license. AR R67. Petitioner was transferred to immigration custody and served with a Notice of Intent/Decision to Reinstate Prior Order. AR R66, L26. Petitioner expressed a fear of being returned to Mexico and was referred to an Immigration Judge ("IJ") for withholding only proceedings. AR at R66.

On December 20, 2011, an IJ found petitioner had not met his burden of proof and denied his applications for withholding of removal. AR at L592-607. Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). Dkt. 13, Ex. A. While his appeal was pending, petitioner filed the instant habeas corpus petition, challenging the lawfulness of his continued detention and seeking release under an order of supervision or on bond. Dkt. 7. On April 24, 2012, the BIA dismissed petitioner's appeal of the IJ's removal order. Dkt. 13, Ex. A. Petitioner filed a petition for review and motion for stay with the United States Court of Appeals for the Ninth Circuit, causing a temporary stay to automatically issue. *See Ruvalcaba-Rosales v. Holder*, No. 12-71405, Dkt. 1 (9th Cir. May 7, 2012). Petitioner's petition for review remains pending.

On May 18, 2012, respondent moved to dismiss petitioner's habeas corpus petition, asserting that petitioner had been properly detained at all times and that a bond hearing had been scheduled for May 24, 2012, in compliance with *Casas-Castrillon v. DHS*, 535 F.3d 942 (9th Cir. 2008). Dkt. 4. On May 31, 2012, respondent filed a notice informing the Court that on May 24, 2012, petitioner appeared in immigration court with counsel, and the bond hearing was reset to June 14, 2012. Dkt. 16, Ex. A. On June 18, 2012, respondent filed another notice indicating

that on June 14, 2012, the IJ granted petitioner's request for bond and ordered him released under bond of $10,000. Dkt. 17, Ex. A. Petitioner waived appeal of the IJ's custody decision.

### III. DISCUSSION

Title 28 U.S.C. § 2241(c)(3) authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (citations omitted). "Even where detention is permissible, however, due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Casas-Castrillon*, 535 F.3d at 950 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)).

When an alien's removal has been stayed pending judicial review of the order of removal, the alien is detained pursuant to the Attorney General's discretionary authority under 8 U.S.C. § 1226(a). *Casas-Castrillon*, 535 F.3d at 951; *Prieto-Romero v. Clark*, 534 F.3d 1053, 1065-66 (9th Cir. 2008). Procedural due process requires that such aliens be afforded an individualized bond hearing before an immigration judge, at which the government bears the burden to prove by clear and convincing evidence that the alien is a flight risk or a danger to the community to justify denial of bond. *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).

Here, the record shows that on June 14, 2012, petitioner received an individualized bond hearing before an immigration judge who granted him release under bond of $10,000, and petitioner waived appeal of the IJ's bond determination. Dkt. 17, Ex. A. Because petitioner was afforded an individualized bond hearing before an IJ and was granted release under bond, he has

received all of the benefits of due process he is entitled, and his petition has become moot and should be dismissed. *See Prieto-Romero*, 534 F.3d at 1065-66 (holding that due process is satisfied once an has "had an opportunity to contest the necessity of his detention before a neutral decisionmaker and an opportunity to appeal that determination to the BIA."); *see also Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008) (dismissing as moot a portion of habeas petition which challenged detention without bond upon the granting of a bond hearing).

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition be **DENIED**, respondent's motion to dismiss be **GRANTED**, and this matter be **DISMISSED** with prejudice. A proposed order accompanies this Report and Recommendation.

Any objections to this Recommendation must be filed and served upon all parties no later than **July 30, 2012.** If no objections are filed, the matter will be ready for the Court's consideration on **August 3, 2012**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed 10 pages. The failure to timely object may affect the right to appeal.

DATED this 9th day of July, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4